WATTS, J.,
dissenting, which McDONALD, J., joins. Respectfully, I dissent.
I would hold that the Circuit Court for Montgomery County (“the circuit court”) did not abuse its discretion in giving the anti-CSI effect jury instruction. During the opening statement of Emmanuel Ford Robinson (“Robinson”), Petitioner, Robinson’s counsel stated:
There will not be any fingerprints from any door, any piece of paper or tape, or whatever they’re saying, on any weatherstripping, on the doors, no fingerprints of his. There won’t be his DNA on anything, not on any screwdriver, not on any weatherstripping, not on any piece of tape, not on anything. Quite frankly, there’s just not, there’s absolutely no evidence beyond a reasonable doubt that [ ] Robinson committed these crimes.
(Emphasis added). In so stating, Robinson’s counsel essentially represented that, without scientific evidence (ie., fingerprints and DNA), there was “absolutely no evidence beyond a reasonable doubt[.]” (Emphasis added). In other words, Robinson’s counsel: (1) equated a lack of scientific evidence with a lack of proof beyond a reasonable doubt; and (2) implied that the State was required to offer scientific evidence to satisfy the State’s burden of proof beyond a reasonable doubt. Thus, Robinson’s counsel misstated the State’s burden of proof. As a result, the circuit court accurately and properly instructed the jury that “there is no legal requirement that the State utilize any specific investigative technique or scientific test to prove its case.” [1] A trial court does not abuse its *582 discretion in giving an anti-CSI effect jury instruction after a defendant misstates the State’s burden. See generally Atkins v. State, 421 Md. 434, 451, 26 A.3d 979, 988 (2011) (“[Counsel ... did not incorrectly state the law or the State’s burden.... There was an insufficient basis ... generating a need for a curative or cautionary jury instruction clarifying the State’s burden in regards to specific investigative techniques.”); Stabb v. State, 423 Md. 454, 473, 31 A.3d 922, 933 (2011) (This Court stated that an anti-CSI effect jury instruction “ought to be confined to situations where it responds to correction of a pre-existing overreaching by the defense, i.e., a curative instruction.”).
It is entirely consistent with this Court’s holdings in Atkins and Stabb to conclude that, here, the circuit court did not abuse its discretion in giving the anti-CSI effect jury instruction. In both Atkins and Stabb, this Court expressly declined to hold that a trial court automatically abuses its discretion in giving an anti-CSI effect jury instruction. See Atkins, 421 Md. at 438, 26 A.3d at 980 (“[W]e do not hold that an investigative or scientific techniques instruction would be improper under different circumstances!)]”); Stabb, 423 Md. at 457, 31 A.3d at 923 (“ ‘[A]nti-CSI effect’ or ‘no duty’ instructions are not per se improper necessarily!)]”). In fact, in both Atkins and Stabb, this Court confined its holding to the particular facts of each case. See Atkins, 421 Md. at 437-38, 26 A.3d at 980 (“This conclusion ... is based on the particular facts in this case[.]”); Stabb, 423 Md. at 463, 31 A.3d at 927 (“[U]nder the facts of this case, the trial court abused its discretion!)]”). As discussed above, the standard that this Court ultimately enunciated in Stabb, id. at 473, 31 A.3d at 933 — that an anti-CSI effect jury instruction is warranted “where it responds to correction of a pre-existing overreaching by the defense, i.e., a curative instruction” — applies here, where Robinson’s counsel implied that the State was required *583 to offer scientific evidence to satisfy the State’s burden of proof beyond a reasonable doubt.
Both Atkins and Stabb are factually distinguishable from this case. In Atkins, 421 Md. at 440-41, 26 A.3d at 982, this Court held that the trial court abused its discretion in giving an anti-CSI effect jury instruction where, while cross-examining a detective, the defendant elicited that law enforcement had not tested a knife for trace evidence. Similarly, in Stabb, id. at 470-71, 31 A.3d at 932, this Court held that the trial court abused its discretion in giving an anti-CSI effect jury instruction where: (1) while cross-examining a detective and a social worker, the defendant elicited that law enforcement had not conducted a sexual assault forensic examination of the victim; and (2) during his closing argument, the defendant “commented on the lack of physical evidence!.]” In contrast to this case, in neither Atkins nor Stabb did the defendant ever misstate the State’s burden, thus necessitating a curative instruction.
I am unpersuaded by any reliance on skepticism that the CSI effect exists as a basis for determining that the circuit court abused its discretion in this case. Theoretically, the CSI effect causes jurors to “unrealistic[ally] expect! ]” scientific evidence, and thus misleads jurors to believe that the State is required to offer scientific evidence to satisfy the State’s burden of proof beyond a reasonable doubt. Stabb, 423 Md. at 467 n. 3, 31 A.3d at 930 n. 3. Even if the CSI effect does not exist, a defendant can nonetheless mislead jurors by representing to them that the State is required to offer scientific evidence to satisfy its burden of proof beyond a reasonable doubt, and there would be no colorable argument against giving an anti-CSI effect instruction. As explained above, here, Robinson’s counsel did essentially that. Although Robinson’s counsel did not explicitly tell the jury that the State is required to offer scientific evidence, Robinson’s counsel insinuated as much by: (1) listing types of scientific evidence, piece by piece; and (2) in the next sentence, telling the jury there was “absolutely no evidence beyond a reasonable doubt!.]” (Emphasis added). Under these circumstances, the circuit *584 court did not abuse its discretion in giving the anti-CSI effect jury instruction.
Judge McDONALD has authorized me to state that he joins in this opinion.

. Any conclusion that the challenged instruction in this case “effectively relieved the State of its burden to prove Robinson guilty beyond a reasonable doubt[,]” Majority Op. at 580, 84 A.3d at 81, is contradicted by the text of the instruction itself, which concluded with the statement *582 that “[y]our responsibility as jurors is to determine whether the State has proven based upon the evidence, the defendant's guilt beyond a reasonable doubt.”